UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AMIR KALOMO MULAMBA,<br><br>Defendant. | 4:21-CR-40153-KES<br><br><br>ORDER |

Defendant Amir Kaloma Mulamba was arrested in the Northern District of Illinois on an arrest warrant on an indictment issued in this district. A magistrate judge in Illinois held a detention hearing and issued an order releasing Mr. Mulamba on conditions. The government moves this court to stay the Illinois court's order and to enter an order detaining Mr. Mulamba. Docket No. 6.[1]

---

[1] The magistrate judge in the Northern District of Illinois stayed its own order pending the outcome of the government's motion in this case. Mr. Mulamba appeared for today's hearing via video from the Municipal Corrections Center in Chicago.

The government's motion is made pursuant to 18 U.S.C. § 3145(a) which provides for review of a defendant's release order made by a judge outside of the district where the defendant is charged.  The review must be conducted by a judge in the charging district, in this case the District of South Dakota.  See 18 U.S.C. § 3145(a) (stating review is to be "with the court having original jurisdiction over the offense"); United States v. Vega, 438 F.3d 801, 804 (7th Cir. 2006) (holding review under § 3145(a) must be in the charging district regardless of which district the detention hearing took place).  See also United States v. Cisneros, 328 F.3d 610, 615 (10th Cir. 2003); United States v. Torres, 86 F.3d 1029, 1031 (11th Cir. 1996); United States v. Evans, 62 F.3d 1233, 1235 (9th Cir. 1995) (same).

Courts have split on the question whether a magistrate judge in the charging district must conduct the review of the out-of-district order, or whether a district judge in the charging district must conduct the review.  See United States v. Spilotro, 786 F.2d 808 (8th Cir. 1986) (holding a magistrate judge in the charging district may conduct the review under § 3145(a)); and United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986) (holding only a district judge in the charging district may conduct the review under § 3145(a) of an out-of-district magistrate judge's detention order).  Because Eighth Circuit case law is binding precedent in this court, this magistrate judge conducts the review of the Northern District of Illinois court's order releasing Mr. Mulamba.  Mr. Mulamba and the government are both advised they may appeal this decision to the district court of this district pursuant to § 3145(b).

Under the Bail Reform Act, there is a presumption of detention in Mr. Mulamba's case. See 18 U.S.C. § 3142(e)(3)(E). The presumption of detention found in § 3142(e) represents a Congressional finding "that certain offenders . . . as a group are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986). The presumption places the burden of production on Mr. Mulamba to demonstrate that he is not a flight risk nor a danger to the community. Id. In order to justify detention based on a defendant's risk of nonappearance, the defendant's risk of flight must be established by a preponderance of the evidence. United States v. Orta, 760 F.2d 887, 891 n.20 (8th Cir. 1985). In order to justify detention based on a defendant's dangerousness, the danger must be established by clear and convincing evidence. 18 U.S.C. § 3142(f).

Where a rebuttable presumption of detention exists, "the defendant bears a limited burden of production–not a burden of persuasion–to rebut that presumption by coming forward with evidence [that] he does not pose a danger to the community or a risk of flight." United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)).

In other areas of the law, once a presumption has been rebutted, it disappears from consideration. Not so with the rebuttable presumption of

3

detention under subsection (e). The Eighth Circuit has held that, "[o]nce a defendant has met his burden of production relating to [risk of flight and dangerousness], the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." Id.

Either the defendant, in rebutting the presumption, or the government, in attempting to prove risk of flight or dangerousness, may proceed by proffer. United States v. Goba, 240 F. Supp. 2d 242, 246-249 (W.D.N.Y. 2003). A proffer is where the attorney for a party describes what the evidence would show if the documents and testimony were introduced, rather than introducing the live testimony and documents themselves. If the reliability of the proffer is called into question, the court has the discretion to require the proponent of the proffer to produce the evidence itself, i.e. the live testimony and documents. Id.

Here, the court considers the following facts:

- The defendant has strong ties to the Sioux Falls community including having lived here since 2004, having lived at the same address with his parents since 2008, and having parents and siblings here;

- the defendant has more or less continuous employment history consisting of several jobs held for months at a time;

- he has little to no criminal history;

- the defendant sustained a severe concussion at work six months ago and has suffered personality changes due to that injury according to family members and is not under the care of a doctor or taking any medication for his injury;

4

- defendant is a naturalized United States citizen but still has ties to Zambia including family residing there; and

- the defendant left the United States for Africa in September, 2021, and remained absent for six months to recover from his concussion, but the government stated it had no evidence that the defendant was fleeing from these charges, which were not asserted until November of 2021.

The magistrate judge in the Northern District of Illinois found that the risk of nonappearance and risk of danger to the community could be ameliorated by imposing conditions of release on Mr. Mulamba. See Appendix hereto. In addition to the conditions required under the Bail Reform Act, 18 U.S.C. § 3142(c)(1)(B) (which include electronic monitoring, a travel restriction, a prohibition on unsupervised contact with minors), the court required a $200,000 secured bond, which Mr. Mulamba's parents posted. See Appendix 2.

In addition, Mr. Mulamba was required to surrender his passport and agree not to apply for any new passport or international travel document while his case is pending. The court required that Mr. Mulamba reside with his parents and that his parents terminate internet service to their home. The court required Mr. and Mrs. Mulamba keep their cell phones on their person at all times, password protect their phones, and not share their phones with defendant. Mr. Mulamba's parents are required to personally supervise him 24 hours a day. Finally, Mr. Mulamba is subject to house arrest with excursions from the house limited to medical appointments, court dates, and other events approved in advance by the pretrial services.

This court agrees that the conditions imposed by the court in the Northern District of Illinois are sufficient to address the risk of flight and risk of danger in this case. Accordingly, it is hereby

ORDERED that the government's motion to stay the Illinois court's order and to detain the defendant [Docket No. 6] is denied. It is further

ORDERED that the United States Marshals Service shall, after processing, release Mr. Mulamba to the custody of his mother, Grace Mulamba when she presents herself in Chicago to transport Mr. Mulamba back to South Dakota.

DATED this 19th day of April, 2022.

BY THE COURT:

*Veronica L. Duffy*

VERONICA L. DUFFY
United States Magistrate Judge