UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AMIR KALOMO MULAMBA,<br><br>Defendant. | 4:21-CR-40153-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED AND DENYING MOTION TO SUPPRESS |

Defendant, Amir Kalomo Mulamba, is charged with one count of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). Docket 1. Mulamba moves to suppress certain evidence obtained from several search warrants. Docket 98; Docket 99. Mulamba alleges that law enforcement unlawfully seized his cell phone and obtained his consent to search the phone involuntarily. *Id.* Mulamba also alleges that law enforcement included misleading and false statements in the search warrants' affidavits and exceeded the scope of the warrant in searching the data on Mulamba's phone. *Id.* The government opposes Mulamba's motion. Docket 109.

The court referred Mulamba's motion to Magistrate Judge Veronica Duffy under 28 U.S.C. § 636(b)(1)(B). After holding an evidentiary hearing, the magistrate judge recommended that Mulamba's motion to suppress be denied. Docket 120. Mulamba then filed objections to the Report and Recommendation. Docket 123. After a de novo review of the Report and Recommendation and a review of the record, the court adopts the Report and Recommendation as modified below and denies Mulamba's motion to suppress.

## LEGAL STANDARD

This court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Because motions to suppress evidence are considered dispositive matters, a magistrate judge's recommendation regarding such a motion is subject to de novo review. 28 U.S.C. § 636(b)(1); *see United States v. Raddatz*, 447 U.S. 667, 673 (1980). In conducting a de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## FACTS

After a de novo review of the transcript of the evidentiary hearing and the exhibits received into evidence, the court adopts the facts as set forth in the Report and Recommendation. Mulamba did not file objections to the facts. *See* Docket 123.

## DISCUSSION

Mulamba makes five legal objections to the Report and Recommendation. *See id.* The court addresses Mulamba's objections in turn.

## I.    Whether law enforcement lawfully seized his phone

Mulamba first objects to the magistrate judge's conclusion that law

2

enforcement lawfully seized Mulamba's cell phone because exigent circumstances existed to justify the warrantless seizure. *Id.* at 2; *see* Docket 120 at 22-23. Mulamba argues that officers did not have sufficient probable cause to believe that evidence of a sex crime existed on his phone. Docket 123 at 2-4. Mulamba also argues that exigent circumstances did not exist warranting seizure of his phone. *Id.* at 6-7.

Law enforcement can conduct a warrantless seizure of an item, like a cell phone, only if an exception to the general Fourth Amendment warrant requirement applies. *Illinois v. McArthur*, 531 U.S. 326, 330 (2001). One such exception is where exigent circumstances exist. *Kentucky v. King*, 563 U.S. 452, 460 (2011). Exigent circumstances exist when there is a need "to prevent the imminent destruction of evidence." *Id.* (internal quotation marks omitted). Specifically, law enforcement must have (1) probable cause to believe the item or place to be searched contains evidence of a crime, and (2) good reason to believe that, absent a search or seizure, the evidence will be destroyed. *See McArthur*, 531 U.S. at 331-32. "Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Shrum*, 59 F.4th 968, 972 (8th Cir. 2023) (citation omitted). To determine whether an exigent circumstance exists, courts must engage in "an objective analysis focusing on what a reasonable, experienced police officer would believe." *Id.* (quoting *United States v. Williams*, 431 F.3d 1115, 1118 (8th Cir. 2005)).

## A.     Probable Cause

The magistrate judge reasoned that probable cause existed to seize Mulamba's phone because E.R.'s mother, A.R., reported to officers that she saw Snapchat messages from the user "Amiro Fenomeno" offering E.R. disposable nicotine vapes in exchange for sex. Docket 120 at 20. The magistrate judge also found relevant that A.R. reported a description of Mulamba's car and license plate, which officers later corroborated, and that E.R. was in possession of a vape. *Id.* at 20-21. Further, once A.R. informed "Amiro Fenomeno" that he had been reported to police, he began deleting Snapchat messages and calling E.R.'s phone repeatedly. *Id.* at 21; *see* Docket 112 at 9. Special Agent Andrew Jacob (SA Jacob) also confirmed that Mulamba's phone contained the same Snapchat account for "Amiro Fenomeno." Docket 120 at 21. Thus, under the totality of the circumstances, the magistrate judge concluded that there existed a fair probability that evidence of a sex crime would be found on Mulamba's phone. *Id.*

Mulamba objects and argues that the facts identified by the magistrate judge failed to provide officers with probable cause to seize Mulamba's phone. Docket 123 at 2-4. Mulamba attacks the magistrate judge's finding that A.R.'s report was reliable because when law enforcement viewed and photographed E.R.'s Snapchat messages with "Amiro Fenomeno," no message included mention "of exchanging a vape pen for sex." *Id.* at 2; *see* Docket 112 at 1-10. Mulamba argues that because any deleted messages were from the day Officer Olson reviewed and took photographs of E.R.'s Snapchat messages, and not

the day of the alleged incident on June 20, 2021, Docket 123 at 3-4, Officer

Olson was able to view all messages relevant to the reported incident, *id.* at 2-

3. Mulamba notes that Detective Seth Meier confirmed there was no indication

that messages from the day of the reported incident were deleted. *Id.* at 2-4;

*see* Docket 116 at 44-45.

Mulamba further objects to the magistrate judge's conclusion that

officers obtained probable cause to seize Mulamba's phone during their

interview of Mulamba. Docket 123 at 8. Mulamba notes that despite having

A.R.'s report, both Detective Meier and SA Jacob testified that they did not

have probable cause to seize Mulamba's phone prior to speaking with Mulamba

at his home on June 25, 2021. *Id.* at 4-6. Mulamba argues that officers did not

learn sufficient new information during the interview because Detective Meier

had previously run the vehicle's license plate and confirmed that Mulamba was

the registered owner of the vehicle. *Id.* at 8. Mulamba also notes Detective

Meier confirmed Mulamba's Snapchat handle was "Amiro Fenomeno" when he

matched Mulamba's driver's license photo to selfies documented in the "Amiro

Fenomeno" account. *Id.* Mulamba last argues that the magistrate judge's

reliance on his change in demeanor when he reportedly began "furtively

deleting things from his phone" fails to support a finding of probable cause

because Mulamba expressed his discomfort throughout the interview and was

still recovering from injuries he sustained in April of that year.[1] *Id.*

---

[1] Mulamba was attacked on April 2, 2021, by inmates while he was working at
his job in the kitchen of the South Dakota State Penitentiary. *See* Docket 120
at 6; Docket 99 at 12-13. He suffered a head injury and a concussion. *Id.*

Here, the court agrees with the magistrate judge that probable cause existed to seize Mulamba's cell phone. A.R.'s initial report to police indicated that Mulamba had offered E.R. vape pens in exchange for sex. Docket 109 at 56. Although Officer Olson did not view a specific message from the "Amiro Fenomeno" Snapchat account to E.R. that offered E.R. vape pens in exchange for sex, *see* Docket 116 at 127, A.R. provided several pieces of information that law enforcement later corroborated, including the license plate number and description of Mulamba's vehicle. *See id.* at 18-19; *see also United States v. Tyler*, 238 F.3d 1036, 1039 (8th Cir. 2001) ("Even the corroboration of minor, innocent details can suffice to establish probable cause.") (citation omitted). Further, Officer Olson did view messages sent from the "Amiro Fenomeno" account to E.R. stating "I gotta take you out[,]" and "[y]ou like to moan." Docket 112 at 4.

Additionally, after meeting with a man E.R. described as "black, 25 years old, and ha[ving] a little bit of a beard," E.R. was in possession of a vape pen. *Id.* at 13. Although E.R. reported that Mulamba only asked E.R. to make out with him in return for a vape pen, *id.* at 1, 13, E.R. reported that Mulamba had previously told her that "[Mulamba] want[ed] [E.R.] to have [his] babies," and that "he wanted [E.R.] to be his surrogate." *Id.* at 13. Explaining that she "knew what the connotation of that statement was," E.R. further informed Officer Olson that "she wasn't interested in becoming pregnant." *Id.*

While Mulamba is correct that both officers testified that they did not believe they had probable cause to seize Mulamba's phone prior to speaking

6

with Mulamba at his home, officers learned sufficient new information to obtain probable cause to seize Mulamba's phone during the interview. Docket 116 at 17, 43, 87. For example, despite knowing Mulamba was the registered owner of the reported vehicle, Detective Meier and SA Jacob were able to confirm that Mulamba was in possession of the vehicle on the night of the incident. *Id.* at 90. Mulamba provided officers with conflicting information when he told them that he was not within the area around E.R.'s house on the night in question and instead went to the gym. *Id.* SA Jacob was able to confirm Mulamba's Snapchat name was "Amiro Fenomeno." *Id.* at 98. SA Jacob testified that when looking at Mulamba's Snapchat account, Mulamba changed his posture to prevent SA Jacob from viewing his phone screen and he began manipulating his phone. *Id.* Mulamba also told officers he was deleting items off his phone. *Id.* at 99-100. During the time Mulamba was deleting items off his phone, he indicated he knew why the officers wanted to speak with him because it seemed like the officers were looking for something related to an individual sharing E.R.'s first name. *See id.* at 102; Docket 120 at 10. The court disagrees with Mulamba's argument that this suspicious behavior does not factor into the probable cause determination. *See United States v. Mayo*, 627 F.3d 709, 714 (8th Cir. 2010) (concluding that probable cause existed, in part, because of the defendants' nervous behavior and inconsistent stories).

Based upon A.R.'s report of Mulamba offering E.R. vape pens in exchange for sex, the corroborated details of A.R.'s report, and Mulamba's behavior when questioned by officers about messages on his phone with a girl

7

sharing the same first name as E.R., officers had probable cause to believe that evidence of a crime existed on Mulamba's phone. Thus, Mulamba's objections as to whether the officers had probable cause to seize his cell phone are overruled.

### B.    Exigent Circumstances

The magistrate judge found that exigent circumstances existed to justify a warrantless seizure of Mulamba's phone because Mulamba told officers that "he was deleting things off his phone once the interview turned to his Snapchat account." Docket 120 at 22. The magistrate judge concluded that while Mulamba stated he was only deleting things that embarrassed him or made him uncomfortable, it was reasonable for officers to believe that Mulamba was deleting evidence of a crime. *Id.*

Mulamba argues that for exigent circumstances to exist, officers must have a reasonable belief that Mulamba was deleting "evidence, not just any data." Docket 123 at 6 (citation omitted) (emphasis omitted). Mulamba argues that neither officer informed him of "the name of the alleged victim nor details of the allegation they were investigating." *Id.* Additionally, Mulamba points to Detective Meier's and SA Jacob's testimony that neither "had [any] idea what Mulamba was deleting," *id.* at 6-7, and neither saw anything related to E.R. on his phone during their interview, *id.* at 7. Mulamba argues that because officers viewed the Snapchat messages between himself and E.R. on E.R.'s phone and failed to see any messages that mentioned exchanging vapes for sex, it would be unreasonable for officers to conclude that Mulamba was deleting

evidence of a crime because officers knew such messages did not exist. *Id.*

Here, the court agrees with the magistrate judge that an exigency was present. While neither officer informed Mulamba of the specific crime they were investigating, it became clear during the interview that Mulamba was aware of why the officers were speaking with him. *See* Docket 116 at 21, 30-31, 47, 93, 102. Mulamba had previously been informed by A.R. that she had reported the incident to police, *see id.* at 101, and both Detective Meier and SA Jacob asked Mulamba if he had been in communication with a girl sharing the same first name as E.R., *see id.* at 29. When officers referred to E.R.'s first name, Detective Meier testified that Mulamba's demeanor changed as he angled his phone screen away from the officers and appeared to be manipulating his phone. *Id.* at 29-30. Both officers testified that they believed Mulamba began deleting items off his phone because Mulamba knew they were questioning him about his communications with E.R. *Id.* at 31-32, 54, 102. Further, the court finds it relevant that Mulamba made multiple excuses to try to avoid giving officers his phone during the interview. *See id.* at 99; *see also United States v. Meyer*, 2020 WL 703694, at *8 (N.D. Iowa Feb. 12, 2020) (holding that "[d]efendant's repeated requests to turn over the devices later or have time alone with them posed a real risk of spoliation which was not effectively mitigated by the officers' warnings").

Under these circumstances, it was reasonable for officers to believe that Mulamba would destroy or delete evidence of a crime before a search warrant could be obtained. Thus, the court overrules Mulamba's objections to the

9

magistrate judge's conclusion that exigent circumstances existed justifying the lawful seizure of Mulamba's phone.

**II.    Whether the search warrant for Mulamba's cell phone was valid**

Mulamba next objects to the magistrate judge's conclusion that "Mulamba failed to show by a preponderance of the evidence that the various omissions and false statements [in the warrant's affidavit] invalided the search warrant" for his phone. Docket 123 at 9. In his motion to suppress, Mulamba argued that because SA Jacob omitted several relevant facts and included one false statement in the warrant's affidavit, the search warrant for Mulamba's phone lacked probable cause. Docket 99 at 15-19.

There is a "presumption of validity with respect to the affidavit supporting the search warrant." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). But where the issuing judge's probable cause determination was based on "an affidavit containing false or omitted statements made knowingly and intentionally or with reckless disregard for the truth," the warrant may be invalid. *United States v. Reinholz*, 245 F.3d 765, 774 (8th Cir. 2001). This does not apply "to negligent misrepresentations." *United States v. Coleman*, 349 F.3d 1077, 1085 (8th Cir. 2003) (citation omitted).

A defendant prevails on a *Franks* claim if they show:

(1) that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit; and (2) that the affidavit's remaining content is insufficient to establish probable cause. The same analysis applies to omissions of fact. The defendant must show: (1) that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading; and (2) that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause.

10

*Reinholz*, 245 F.3d at 774.

To determine whether the affiant's statements were made with reckless disregard, the defendant must show the officer "entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information." *United States v. Reed*, 921 F.3d 751, 756 (8th Cir. 2019) (citation omitted). "Recklessness, however, may be inferred from the fact of omission of information from an affidavit . . . when the material omitted would have been clearly critical to the finding of probable cause." *United States v. Conant*, 799 F.3d 1195, 1200 (8th Cir. 2015) (internal quotation marks omitted). If the defendant proves a violation by a preponderance of the evidence, the defendant is entitled to suppression of the fruits of the search. *United States v. Neal*, 528 F.3d 1069, 1072 (8th Cir. 2008).

As a preliminary matter, the magistrate judge found that Mulamba made a substantial showing entitling him to put on evidence of a *Franks* violation. Docket 116 at 10-11. The magistrate judge determined, however, that Mulamba failed to show a *Franks* violation by a preponderance of the evidence because "[e]ven if a correction of these omissions negates probable cause as to a child pornography violation . . . the affidavit still could have supported probable cause to search for evidence of sex trafficking." Docket 120 at 24-25.

Mulamba objects and argues that because the affidavit failed to include the statute for sex trafficking (18 U.S.C. § 1591), officers were not

11

authorized to search for evidence of such violations under the warrant. Docket 123 at 9; *see also* Docket 112 at 19, 22. Mulamba also argues that "with the correction of the omitted and false information," the affidavit does not support a finding of probable cause for any of the listed criminal offenses or for a violation of 18 U.S.C. § 1591. Docket 123 at 10.

Because "[i]t is not necessary for an affidavit to include the name of the specific crime alleged," failing to specifically include 18 U.S.C. § 1591 in the warrant's affidavit does not invalidate the officers' search for evidence of sex trafficking if "the alleged facts support a finding of probable cause to believe that [Mulamba's] actions constituted criminal conduct." *United States v. Summage*, 481 F.3d 1075, 1078-79 (8th Cir. 2007). Mulamba's objection as to the affidavit's failure to include 18 U.S.C. § 1591 is overruled because, as explained below, the affidavit alleged facts supporting a finding of probable cause that evidence of sex trafficking would be found on Mulamba's phone. *See also* Docket 120 at 25-26 (laying out facts present in the affidavit supporting a search for evidence of sex trafficking on Mulamba's phone).

The court further finds that when corrected for the omitted and false information, the affidavit supporting the search warrant for Mulamba's phone was supported by probable cause. Mulamba argues that the search warrant must be invalidated because the affidavit omitted the following facts: (1) the $300 found in E.R.'s account was obtained from someone other than Mulamba; (2) E.R. reported that she had only sent nude photos of herself to a 15-year-old

boy she liked; (3) SA Jacob failed to note that no relevant evidence was found on E.R.'s GrayKey extraction; and (4) Mulamba handed the phone to SA Jacob and Detective Meier only after they had "falsely told him they had obtained a search warrant." Docket 99 at 16. Mulamba also argues that SA Jacob made a false statement when he stated that it took Mulamba "approximately nine minutes" to retrieve his phone during his interview with law enforcement. *Id.* Mulamba notes that the audio recording indicates Mulamba returned with his phone in less than three minutes. *Id.*

Here, the court finds that even if the omissions may have been relevant to the probable cause determination—particularly E.R.'s statement to SA Jacob that she had only sent nudes to a 15-year-old boy she liked because SA Jacob was seeking a warrant to search Mulamba's phone for evidence of child pornography—Mulamba has failed to make a sufficient showing that the omissions were intentionally or recklessly made. SA Jacob explained at the evidentiary hearing that he omitted E.R.'s statements regarding the unexplained $300 and nude photo because he had concerns with her truthfulness. Docket 116 at 148-52. Because E.R. provided conflicting information to law enforcement, *see, e.g.*, Docket 112 at 13 (indicating that E.R. initially reported she met with a friend—not Mulamba—the night of the reported incident, but later stated she met with a man described as "black, 25 years old, and ha[ving] a little bit of a beard"), SA Jacob was left with "obvious reasons to doubt the accuracy of [her] statements." *Reed*, 921 F.3d at 757.

13

Additionally, even though SA Jacob failed to mention the GrayKey extraction of E.R.'s phone, SA Jacob included information found during his manual search of E.R.'s phone. *See* Docket 112 at 24-25.

Further, the parties disagree as to whether Mulamba gave his valid consent for officers to search his phone. *Compare* Docket 99 at 13 (Mulamba arguing that his consent was invalid because officers lied to him about having a search warrant for his phone), *with* Docket 109 at 20-22 (Government arguing that Mulamba's consent was valid). Detective Meier and SA Jacob both testified that when they affirmatively responded to Mulamba's question of whether the officers had a warrant, they interpreted the question as asking whether they would be applying for a warrant. Docket 116 at 53, 141-42. The court finds that this exchange with Mulamba was not a material omission made to recklessly or intentionally mislead the magistrate judge. *See United States v. Mazzulla*, 932 F.3d 1091, 1100 (8th Cir. 2019) (denying request for *Franks* hearing where "[a]ny potentially misleading facts in the affidavits of the search warrants were immaterial to the granting of the search warrant").

The court also finds that SA Jacob's inclusion of "nine minutes" rather than the recorded three minutes does not require invalidation of the warrant. *See* Docket 112 at 24. The fact that Mulamba was gone for only three minutes, rather than nine, is not a fact that is "necessary to the finding of probable cause." *United States v. Keys*, 721 F.3d 512, 518 (8th Cir. 2013) (citation omitted). Despite this false statement, officers

14

still had probable cause to search Mulamba's phone for evidence of sex trafficking.

Taken together, the omissions and false statement in the affidavit appear, at most, to be "negligent misrepresentations." *Coleman*, 349 F.3d at 1085. Because *Franks* does not permit the invalidation of a search warrant on negligent misrepresentations alone, *see Reinholz*, 245 F.3d at 774, Mulamba's objection to the magistrate judge's determination that probable cause was not invalidated due to the warrant affidavit's omissions and false statement is overruled.

**III.    Whether the subsequent search warrants for Mulamba's Snapchat, Amazon, and Gmail accounts were valid**

Mulamba next objects to the magistrate judge's conclusion that the remaining search warrants were valid despite suffering some of the same issues as the search warrant for Mulamba's phone. Docket 123 at 10. In addition to the omissions and false statements described above, Mulamba also argues that the search warrants' description of H.N.B. as a "prepubescent juvenile" is another false statement. *Id.* Mulamba objects to the magistrate judge's conclusion that probable cause existed because the videos and photos of H.N.B. depict a juvenile. *Id.*

The magistrate judge found that the search warrants for Mulamba's Snapchat, Amazon, and Gmail accounts were valid because Mulamba failed to show that the asserted omissions and misrepresentations in each warrant required a finding of invalidity. Docket 120 at 26-28. The magistrate judge also found that while the search warrants incorrectly identified H.N.B. as a

15

"prepubescent juvenile," because the videos and photos of H.N.B. still depicted a juvenile, probable cause existed for issuance of the search warrants. *Id.* at 27-28.

The court agrees with the magistrate judge that the omissions and false statements contained in the Snapchat, Amazon, and Gmail account affidavits do not entitle Mulamba to suppression of the obtained evidence. *See* Docket 120 at 28. As explained above, Mulamba's assertion that the omissions dealing with the $300, the nude photo, his consent, E.R.'s GrayKey extraction, and the false statement of nine minutes does not entitle Mulamba to invalidation of the search warrants because even when including the omissions and excluding the false statement, probable cause existed to search his phone for evidence of sex trafficking.

Further, as to SA Jacob's characterization of the images and videos of H.N.B. as a "prepubescent juvenile" when she was not prepubescent, the court agrees with the magistrate judge that such an error does not invalidate the Snapchat, Amazon, or Gmail account warrants. Docket 112 at 39, 51, 70, 88. At the evidentiary hearing, SA Jacob explained why he believed the images and videos depicted a prepubescent juvenile and explained that given his gained experience in handling child pornography cases, he would classify the images as depicting a juvenile. Docket 116 at 154-55. Provided SA Jacob's explanation for why he classified the images as depicting a prepubescent juvenile, the court concludes that there is no *Franks* violation. *See United States v. Hoeffener*, 950 F.3d 1037, 1045 (8th Cir. 2020) (holding that a *Franks* hearing was not

necessary where the officer incorrectly identified images as child pornography, but the officer's descriptions were consistent with the images and the officer testified at length about why he thought the images were child pornography). Further, while SA Jacob's characterization was mistaken, the court agrees with the magistrate judge that because the images and videos depicted a juvenile, there was sufficient probable cause supporting each of the warrants. Thus, Mulamba's objections to the magistrate judge's conclusion that the Snapchat, Amazon, and Gmail account warrants were valid is overruled.

**IV.    Whether law enforcement's search of Mulamba's cell phone complied with the scope of the warrant**

Mulamba next objects to the magistrate judge's conclusion that the search of his cell phone complied with the scope of the search warrant. Docket 123 at 11-12; *see* Docket 120 at 29-30. Mulamba argues that the data extraction process followed by Homeland Security Investigations (HSI) violated Mulamba's Fourth Amendment rights. Docket 123 at 12. Mulamba also argues that because law enforcement failed to create a report indicating the search was limited by the warrant's temporal limitations, the search was unreasonable and should be suppressed. *Id.* at 12-13.

"When considering whether a search exceeded the scope of a warrant, [the court] look[s] to the fair meaning of the warrant's terms." *United States v. Stephen*, 984 F.3d 625, 631 (8th Cir. 2021) (internal quotation marks omitted). When searching officers follow the commands of a search warrant as to the places to be searched but unlawfully seize items not authorized under the warrant, the unlawfully seized items must be suppressed, but the lawfully

17

seized evidence need not be excluded. *Waller v. Georgia*, 467 U.S. 39, 43 n.3 (1984); *United States v. Decker*, 956 F.2d 773, 778-79 (8th Cir. 1992). An exception to this rule applies when officers show a "flagrant disregard for the limitations of the search warrant [that] might make an otherwise valid search an impermissible general search and thus require the suppression or return of all the evidence seized during the search." *Decker*, 956 F.2d at 779 (quoting *United States v. Marvin*, 732 F.2d 669, 674-75 (8th Cir. 1984)).

Mulamba argues that HSI's data extraction process failed to "limit the scope of the digital evidence to the prescribed timeframe" because officers first downloaded all the phone's data, and then applied a temporal filter to the data. Docket 99 at 19; *see also* Docket 123 at 12-13. This court rejected a similar argument as to HSI's data extraction process in *United States v. Debevec*, 2024 WL 4024154, at *12-13 (D.S.D. Sept. 3, 2024). Because the extraction process employed here mirrored the procedure upheld in *Debevec*, the extraction performed by Agent Joshua Hauck and the search conducted by SA Jacob did not violate Mulamba's Fourth Amendment rights. As such, the court overrules Mulamba's objection as to HSI's data extraction process. *See* Docket 123 at 12-13.

Further, there is no evidence to suppress. SA Jacob testified that he limited his search by applying the temporal limitations as laid out in the search warrant for Mulamba's phone.[2] Docket 116 at 156. While the later search

---

[2] As in *Debevec*, the court finds that the flagrant disregard standard does not apply because SA Jacob applied the date restrictions outlined in the search warrant. *See Devebec*, 2024 WL 4024154, at *13 (finding no flagrant disregard

warrant affidavits do not specify the exact date of when images and videos of H.N.B. were received on Mulamba's phone, the affidavit for the Amazon account search warrant provides that a screenshot of the iPhone allegedly ordered for H.N.B. was made on June 24, 2021—well within the date restrictions of the search warrant for Mulamba's phone. Docket 112 at 89. Further, the government indicated "[t]here is no evidence in discovery from outside the date range of the search warrant," and "the government [did not] intend to offer any evidence at trial that is from outside the date range of the search warrant." Docket 109 at 30. Because there is no evidence from outside the date restrictions, the court overrules Mulamba's objection that law enforcement failed to comply with the scope of the search warrant.

**V.     Whether Mulamba's consent for law enforcement to search his cell phone was voluntary**

Mulamba last objects to the magistrate judge's conclusion that "because the warrants are valid, the question of Mr. Mulamba's consent to search his phone is immaterial." Docket 123 at 13 (internal quotation marks omitted). Mulamba argues that if this court were to find that any of the warrants were invalid, then the court cannot rely upon Mulamba's consent to search his phone because his consent was obtained involuntarily. *Id.* Because the court concludes that none of the search warrants were invalid, the court refuses to reach the issue of whether Mulamba's consent was obtained voluntarily. *See*

---

because officers applied the warrant's date restrictions when searching the data).

*Utah v. Strieff*, 579 U.S. 232, 240 (2016). Thus, Mulamba's objection is overruled.

## CONCLUSION

The court adopts the magistrate judge's recommendation as modified and denies Mulamba's motion to suppress. Thus, it is

ORDERED that the Report and Recommendation (Docket 120) denying Mulamba's motion to suppress is adopted as modified by this opinion. The motion to suppress (Docket 98) is denied.

Dated February 13, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
